UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SCOTT PARKS, TRUSTEE, SHEET METAL            )
WORKERS LOCAL NO. 20 WELFARE AND             )
BENEFIT FUND, SHEET METAL WORKERS            )
LOCAL NO. 20 DEFINED CONTRIBUTION            )
PENSION FUND, and SHEET METAL                )
WORKERS LOCAL NO. 20 INDIANAPOLIS            )
AREA PENSION FUND,                           )
                                             )
             Plaintiffs,              )
                                             )
v.                                           ) CAUSE NO.: 1:17-cv-2613
                                             )
HILTON VENTILATION &                         )
INDUSTRIAL COMPANY, LLC,                     )
                                             )
             Defendant.               )

## COMPLAINT

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show the Court as follows:

1. Jurisdiction of this Court is founded upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1059(a) and (b)); in that the Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements, Trust Plans and Trust Agreements and the Defendant's continued refusal to comply with certain terms of collective bargaining agreements and the trust agreements of the Plaintiffs, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, and the terms and provisions of employee benefit plans, and the provisions of Section 302(c)

of the Labor-Management Relations Act of 1947.

2. Plaintiffs Sheet Metal Workers Local No. 20 Welfare and Benefit Fund, Sheet Metal Workers Local No. 20 Defined Contribution Pension Fund, and Sheet Metal Workers Local No. 20 Indianapolis Area Pension Fund (hereinafter "Funds"), are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(1)(2)(3)(21) and 1132). The Funds maintain their offices and principal places of business in Indianapolis, Indiana.

3. Scott Parks, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 2(21) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiffs.

4. Defendant Hilton Ventilation & Industrial Company, LLC is an employer existing under and by virtue of the laws of the State of Indiana, with its offices and principal place of business in Clayton, Indiana.

5. Defendant Hilton Ventilation & Industrial Company, LLC is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

6. Defendant Hilton Ventilation & Industrial Company, LLC is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and SMART Local Union No. 20.

7. The executed collective bargaining agreement contains provisions whereby Defendant agrees to make contributions on behalf of its employees to the Funds.

8. Defendant has failed to make timely contributions to the Funds for and on behalf of its employees and has failed to perform its obligations under the terms and conditions of the aforementioned collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

9. Despite demands that Defendant perform its contractual obligations with respect to making contributions as required by agreement with the Funds, Defendant has failed, neglected, omitted and refused to make those payments.

10. Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement with the Union, the Plaintiffs have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with said documents, the Plaintiffs will suffer irreparable harm.

11. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions and to liquidated damages and interest as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

12. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan

Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1. A preliminary injunction enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Funds as they fall due.

2. A permanent injunction enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Funds as they fall due.

3. A judgment on behalf of Plaintiffs in the sum equal to Defendant's delinquencies to said Funds, plus interest on all delinquencies, plus liquidated damages on all delinquencies, plus reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

4. That the court retain jurisdiction of this cause pending compliance with its Orders.

5. For such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,

/s/Frederick W. Dennerline, III
Frederick W. Dennerline, III

FILLENWARTH DENNERLINE GROTH & TOWE, LLP
Suite 200, 429 E. Vermont Street
Indianapolis, Indiana 46202
Telephone: (317) 353-9363
Fax: (317) 351-7232
E-mail: fdennerline@fdgtlaborlaw.com


p/125/sc